1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DONNELLY L. THOMPSON,                      No.  2:20-0027 KJM AC P

12                    Plaintiff,

13    v.                                         ORDER

14    GONZALEZ, et al.,

15                    Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18    has paid the filing fee.

19    I.      Statutory Screening of Prisoner Complaints

20         The court is required to screen complaints brought by prisoners seeking relief against a

21    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

23    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

24    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

25         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

26    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

28    theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

                                                1

640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hosp. Bldg. Co. v. Trs. of the Rex Hosp.</u>, 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

////

////

2

1    II.     Complaint

2         The complaint, ECF No. 1, is brought against the following defendants: Correctional

3    Officer Gonzalez, Warden Rick Hill, Correctional Officer John Doe (whose badge number is

4    specified), and Sgt. Beatty.  Plaintiff alleges as follows.  On June 23, 2019, while plaintiff was

5    visiting with his wife in the Folsom State Prison visiting room, Officer Gonzalez yelled at

6    plaintiff and told his wife to leave.  As plaintiff left the visiting room, Gonzalez shoved him in the

7    back.  Gonzalez then snatched away plaintiff's water bottle and handcuffed plaintiff "in a manner

8    that would cause harm."  Once out of the visiting room, Gonzalez kicked plaintiff in the calf and

9    locked plaintiff in a small cage for 10 minutes.  Sgt. Beatty, Gonzalez's supervisor, "failed to

10   ensure that officer Gonzalez followed protocol."  Plaintiff had abrasions on his wrists from the

11   handcuffs.  Plaintiff reported the excessive force to Officer John Doe.  The institution's appeal

12   process failed to provide a remedy.  ECF No. 1 at 2.

13   III.    Failure to State a Claim

14        "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places

15   restraints on prison officials, who may not . . . use excessive physical force against prisoners."

16   Farmer v. Brennan, 511 U.S. 825, 832 ((1994) (citing Hudson v. McMillian, 503 U.S. 1 (1992)).

17   "[W]henever prison officials stand accused of using excessive physical force in violation of the

18   [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith

19   effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson,

20   503 U.S. at 6-7.  Not "every malevolent touch by a prison guard gives rise to a federal cause of

21   action."  Id. at 9.  De minimis uses of physical force do not violate the constitution provided that

22   the use of force is not of a sort "repugnant to the conscience of mankind."  Whitley v. Albers,

23   475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).

24        The use of force described in the complaint does not reach an unconstitutional level.

25   Neither a shove in the back nor a kick to the calf is "repugnant to the conscience of mankind"

26   even if it is inappropriate or even malevolent.  Handcuffs may be applied in ways that violate

27   Eighth Amendment standards, but the conclusory allegation that Officer Gonzalez cuffed plaintiff

28   "in a manner that would cause harm" is insufficient to state a claim.  The fact that plaintiff had

3

1   visible marks from the handcuffs also does not suffice to establish that Gonzalez acted

2   sadistically and maliciously for the purpose of causing plaintiff harm.  Plaintiff may amend his

3   claim against Gonzalez to provide further details.

4        None of the other defendants is alleged to have participated in the use of force.  Liability

5   under Section 1983 is limited to the persons who caused the violation of plaintiff's rights.  See

6   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Neither Office Gonzalez's supervisor nor

7   the warden can be liable unless they "participated in or directed the violations, or knew of the

8   violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

9   There is no *respondeat superior* liability in § 1983 cases.  Iqbal, 556 U.S. at 676.

10        For these reasons, the complaint does not state a claim for relief against any defendant.

11   Accordingly, it will not be served.  Plaintiff may amend his complaint.

12       IV.    Leave to Amend

13        If plaintiff chooses to file a first amended complaint, he must demonstrate how the

14   conditions about which he complains resulted in a deprivation of his constitutional rights.

15   Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms

16   how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355

17   (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

18   link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson,

19   588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in

20   civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

21   1982) (citations omitted).

22        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

23   his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

24   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

25   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

26   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

27   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

28   in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

1  complaint, the original complaint no longer serves any function in the case.  Therefore, in an

2  amended complaint, as in an original complaint, each claim and the involvement of each

3  defendant must be sufficiently alleged.

4      V.      Plain Language Summary of this Order for a Pro Se Litigant

5          You are being given leave to amend because the facts you have alleged in the complaint

6  are not enough to state a claim for relief.  Officer Gonzalez's use of force only violated the Eighth

7  Amendment if he was acting "sadistically and maliciously" for the purpose of harming you.  A

8  shove in the back or kick to the calf doesn't rise to this level.  You need to explain what you mean

9  by the handcuffs being applied "in a manner that would cause harm."  To proceed against any

10 other defendant, you need facts showing that something they did caused the violation of your

11 rights.

12         If you choose to amend your complaint, the first amended complaint must include all of

13 the claims you want to make because the court will not look at the claims or information in the

14 original complaint.  **Any claims not in the first amended complaint will not be considered.**

15                                    CONCLUSION

16     In accordance with the above, IT IS HEREBY ORDERED that:

17     1.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see

18 28 U.S.C. § 1915A, and will not be served.

19     2.  Within thirty days from the date of service of this order, plaintiff may file an amended

20 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

21 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

22 number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

23 original and two copies of the amended complaint.  Failure to file an amended complaint in

24 accordance with this order will result in dismissal of this action.

25 ////

26 ////

27 ////

28 ////

3.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED:  June 16, 2021.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE